UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIAN L. WILLIAMS | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2533 |
| SOLAR ALTERNATIVES, INC., ET AL. | * | SECTION "E" (2) |

**ORDER AND REASONS**

Plaintiff Brian L. Williams filed a Complaint for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and an *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* on July 17, 2023. ECF Nos. 1, 2. Although not styled as a class action in the caption, in addition to Plaintiff's own claims, Plaintiff purports to assert claims on behalf of a class of similarly situated people. ECF No. 1 ¶¶ 29-38, at 6-8.

I.  **APPLICABLE LAW**

A.  ***In Forma Pauperis* Standard for Authorization to Proceed Without Payment**

Plaintiff's application is submitted on the AO 240 Form and indicates that he is unemployed, lives with his parents, has no property or income from any source, has no monthly expenses, and has less than $20 in cash or checking or savings accounts. ECF No. 2 at 1-2.

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1] Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[2] Courts should make the assessment of a plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[3] This analysis entails a review

---

[1] 28 U.S.C. § 1915(a)(1).
[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (citations omitted); 28 U.S.C. § 1915(a).
[3] *Prows*, 842 F.2d at 140 (citing *Smith v. Martinez*, 706 F.2d 572 (5th Cir. 1983).

1

of plaintiff's income sources and the "demands on [her] financial resources, including whether expenses are discretionary or mandatory."[4]

Given Plaintiff's *in forma pauperis* application, it appears that he is unable to pay fees in this matter, as required by 28 U.S.C. § 1915.

### B. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[5] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[6] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[7] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[8]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[9] A claim "'lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[10] A court may

---

[4] *Id.*
[5] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding *in forma pauperis* is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[6] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[7] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (citing 28 U.S.C. § 1915(e)(2)(B)).
[8] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).
[9] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[10] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

not dismiss a claim simply because the facts are "unlikely."[11] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'"[12] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[13]

### C. Class Allegations

Amidst the four prerequisites for class certification is a finding that the representative party can "fairly and adequately protect the interests of the class."[14] Adequacy of class representation "encompasses class representatives, their counsel, and the relationship between the two."[15] As sufficient class counsel is required to adequately represent a class, a *pro se* plaintiff is inadequate to represent others in a class action.[16]

A layperson ordinarily does not possess the legal training necessary to protect the interests of a proposed class, thus courts are reluctant to certify a class represented by a *pro se* litigant.[17] As the United States Tenth Circuit Court of Appeals has explained:

> Under Rule 23(a)(4) [of the Federal Rules of Civil Procedure], a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.[18]

---

[11] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[12] *Id.*
[13] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[14] FED. R. CIV. P. 23(a)(4).
[15] *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002) (quotation omitted).
[16] *See, e.g., Lindsey v. Aycox*, No. 14-260 2015 WL 13650950, at *1 (S.D. Miss. Jan. 7, 2015) ("pro se litigants, such as Plaintiffs, cannot adequately represent the interests of a putative class or appear as class representatives.").
[17] *See* 7A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 1769.1, at 450 & n. 13 (3d ed. 2005) (stating general rule that "class representatives cannot appear pro se," and citing case law).
[18] *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation marks and citations omitted); accord Powers v. Clay, No. 11-051, 2011 WL 6130929, at *3 (S.D. Tex. Dec. 8, 2011); *Wetzel v. Strain*, No. 09-7633, 2009 WL 5064445, at *1 (E.D. La. Dec. 16, 2009); *Luna v. Kliebert*, No. 09-3853, 2009 WL 2175773,

A *pro se* plaintiff's tenacity and zeal "are no substitute for the skill and experience which are needed to prosecute an action on behalf of a class."[19]  Therefore, plaintiff should not be allowed to pursue this matter as a class action.

## II.   ANALYSIS

Plaintiff's *in forma pauperis* application (ECF No. 2) includes sufficient information to enable the Court to determine that he is unable to pay fees in this matter, as required by 28 U.S.C. § 1915.  Based upon the information provided, Plaintiff will be permitted to proceed *in forma pauperis* in this proceeding under the provisions of 28 U.S.C. § 1915(a) as to his individual claims.  However, given Plaintiff's status as a *pro se* litigant acting without counsel, he is not an adequate class representative to pursue TCPA claims on behalf of others.

## III.   CONCLUSION

Plaintiff has established his inability to pay fees under 28 U.S.C. § 1915(a)(1)(2).  Although Plaintiff may pursue his individual claims on a *pro se* basis, a *pro se* plaintiff is not an adequate class representative, subjecting the class action allegations to summary dismissal under § 1915(e)(2).  Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's *Ex Parte*/Consent Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED;

IT IS FURTHER ORDERED that, for the reasons set forth above, on or before **Wednesday, September 13, 2023**, Plaintiff Brian L. Williams **SHOW CAUSE in writing** why his class action allegations should not be summarily dismissed.  **PLAINTIFF'S FAILURE TO**

---

at *1 n.1 (E.D. La. Jul. 17, 2009), *aff'd*, 368 F. App'x 500 (5th Cir. 2010); *Sosa v. Strain*, No. 06-9040, 2007 WL 1521441, at *7 (E.D. La. May 22, 2007).

[19] *Davis v. Jindal*, No. 14-555, 2014 WL 1612495, at *1 (E.D. La. Apr. 22, 2014) (citing *MacKenzie v. Loc. 624, Int'l Union of Operating Engineers*, 472 F. Supp. 1025, 1033 (N.D. Miss. 1979); *accord Luna*, 2009 WL 2175773, at *1 n.1; *Sosa*, 2007 WL 1521441, at *7).

**RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN THE DISMISSAL OF HIS CLASS ACTION ALLEGATIONS IN HIS COMPLAINT.**

IT IS FURTHER ORDERED that there will be no oral hearing on Wednesday, September 13, 2023, but the matter will be taken under advisement on the written filings on that date.

New Orleans, Louisiana, this __18th__ day of July, 2023.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE