UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIAN L. WILLIAMS | * | CIVIL ACTION |
| VERSUS | * | NO. 23-2533 |
| SOLAR ALTERNATIVES, INC., ET AL. | * | SECTION "E" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Brian L. Williams filed a Complaint for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and an *Ex Parte*/Consent Motion for Leave to Proceed *in forma pauperis* on July 17, 2023. ECF Nos. 1, 2. Although not styled as a class action in the caption, in addition to Plaintiff's own claims, Plaintiff purports to assert claims on behalf of a class of similarly situated people. ECF No. 1 ¶¶ 29-38, at 6-8.

On July 18, 2023, the undersigned issued an Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis*. The Court ordered Plaintiff to show cause why his purported TCPA claims on behalf of others should not be summarily dismissed given his status as a *pro se* litigant with no legal education, training, knowledge or skill. ECF No. 3. Plaintiff timely filed a Response in which he asserts that the Court's determination of the adequacy of class representation should be based on factors including Plaintiff's understanding of the claims, his commitment to fairly and adequately represent the class, and absence of conflicts of interest. ECF No. 6 at 2-3. Plaintiff also asserts that he is entitled to equal protection under the law, thus he should enjoy the same procedural rights as parties represented by counsel, including the right to serve as a class representative. *Id*. at 3 (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

Having considered the record, the submissions and arguments of the *pro se* plaintiff, and the applicable law, it is RECOMMENDED that Plaintiff's TCPA claims on behalf of "all other similarly situated persons" be DISMISSED WITHOUT PREJUDICE for the reasons stated herein.

1

I.      **APPLICABLE LAW AND ANALYSIS**

An action may be maintained as a class action if it meets the criteria of "numerosity, commonality, typicality, and adequacy of representation," the questions of law or fact involved "predominate" over any issues affecting individual members of the class, and a class action is the "superior" method of handling the action. FED. R. CIV. P. 23(a), (b)(3).[1]

To determine adequacy of representation, courts consider three factors: (1) the zeal and competence of the representative's counsel; (2) the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees; and (3) the risk of conflict of interest between the named plaintiff and the class he seeks to represent.[2] In other words, adequacy of class representation "encompasses class representatives, their counsel, and the relationship between the two."[3] Adequacy of representation may not be presumed; instead, courts must perform case-specific inquiries into class representatives' qualifications and ensure that the representatives have met the burden of establishing all elements of Rule 23(a).[4]

A.      **Adequacy of *Pro Se* Class Representative**

Though the Fifth Circuit has not established a blanket prohibition on *pro se* plaintiffs serving as class representatives, it has recognized that a *pro se* plaintiff's ability to serve as an adequate representative is dubious.[5] Indeed, courts throughout this circuit consistently hold that

---

[1] *See also Jenkins v. Raymark Indus., Inc.,* 782 F.2d 468, 471 & n. 4 (5th Cir. 1986) (acknowledging court's wide discretion to decide whether to certify a proposed class and abuse of discretion standard of review).
[2] *Slade v. Progressive Sec. Ins. Co.*, 856 F.3d 408, 412 (5th Cir. 2017) (quoting *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005) (internal quotation and citation omitted).
[3] *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002) (quotation omitted).
[4] *Berger v. Compaq Comput. Corp.,* 257 F.3d 475, 481 (5th Cir. 2001).
[5] *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158 (5th Cir. 1995) ("[B]ecause [the plaintiff] is proceeding pro se and his own complaint failed to state a cause of action, his ability to serve as an adequate representative of the class is dubious.").

*pro se* plaintiffs may not serve as class representatives.[6] "Because a lay person ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts usually will not certify a class represented by a pro se litigant. Ability to protect the interests of the class depends in part on the quality of counsel, and the competence of a layman representing himself is generally too limited to allow him to risk the rights of others."[7]  A *pro se* plaintiff's tenacity and zeal "are no substitute for the skill and experience which are needed to prosecute an action on behalf of a class."[8]

### B.    An Unlicensed Lay Person Cannot Serve As Class Counsel

A *pro se* plaintiff acting as a class representative would be tasked with the dual role of class representative and class counsel.  "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.  While § 1654 authorizes individuals to appear *pro se*, it does not allow an unlicensed person to represent anyone other than himself.  Indeed, the Fifth Circuit has made clear that individuals who do not have a law license may not represent others in federal court.[9]  As the Fifth Circuit stated in *Guajardo*:

---

[6] *Gonzalez v. Gillis*, No. 20-158, 2020 WL 7635099, at *2 (S.D. Miss. 2020) ("It is also well-settled that pro se litigants, such as [Plaintiff], cannot adequately represent the interests of a putative class or appear as class representatives.") (citations omitted), *R.&R. adopted*, 2020 WL 7631459 (S.D. Miss. 2020); *Fountain v. Rupert*, No. 15-100, 2016 WL 2866151, at *3 (E.D. Tex. Feb. 8, 2016) ("[C]ourts generally hold that pro se plaintiffs cannot fairly and adequately represent the interests of a class."), *R.&R. adopted sub nom. Fountain v. United States*, No. 15-100, 2016 WL 2854966 (E.D. Tex. May 16, 2016); *McLaughlin v. Lee*, No. 18-0704, 2018 WL 4926341, at *3 (W.D. La. Sept. 17, 2018) (citing cases) (noting that courts regularly recognize that a *pro se* prisoner is not adequate to represent the interests of his fellow inmates in a class action), *R.&R. adopted*, No. 18-0704, 2018 WL 4924030 (W.D. La. Oct. 9, 2018).
[7] *James v. Corr. Corp. of Am.*, No. 08-918, 2011 WL 6965799, n.1 (W.D. La. Dec. 7, 2011) *R.&R. adopted*, 2012 WL 45410 (W.D. La. Jan. 9, 2012) (citing cases).
[8] *Davis v. Jindal*, No. 14-555, 2014 WL 1612495, at *1 (E.D. La. Apr. 22, 2014) (citing *MacKenzie v. Loc. 624, Int'l Union of Operating Engineers*, 472 F. Supp. 1025, 1033 (N.D. Miss. 1979); *accord Luna*, 2009 WL 2175773, at *1 n.1; *Sosa*, 2007 WL 1521441, at *7)).
[9] *See, e.g., Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016) (stating that "those not licensed to practice law may not represent the legal interests of others"); *Price v. Plantation Mgmt. Co.*, 433 F. App'x 264, 265 (5th Cir. 2011) (stating that precedent does not support the notion that a civil plaintiff has a constitutional right to the assistance of a nonattorney); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (noting that a party is not

> An ordered society has a valid interest in limiting legal representation to licensed attorneys. "The average controversy is likely to have two sides, each believed in, in good faith by honest men. In order to decide such controversies satisfactorily the case of each party must be presented thoroughly and skillfully, so that things are put in their proper setting and the tribunal may review the whole case intelligently and come to a conclusion with assurance that nothing has been overlooked, nothing misapprehended, and nothing wrongly valued. The litigant cannot do this adequately for himself. It can only be done by well trained specialists." Pound, The Lawyer from Antiquity to Modern Times (1953) p. 25. "Furthermore proper presentation of a case by a skilled advocate saves the time of the courts and so public time and expense. It helps the court by sifting out the relevant facts in advance, putting them in logical order, working out their possible legal consequences, and narrowing the questions which the court must decide to the really crucial points." Id. p. 26. Moreover, prohibiting laymen from representing other persons in court allows courts to impose upon lawyers the responsibility incident to the professional spirit and appropriate to those who are "officers of the court."[10]

For this reason, Plaintiff, as an unlicensed lay person, is incapable of prosecuting class claims on behalf of others without an attorney.

Further, Rule 23(g), which governs the appointment of class counsel, lists several non-exclusive factors that a district court must consider in determining "counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B). These factors include:

> (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class[.]

FED. R. CIV. P. 23(g)(1)(A). Although Williams argues that he has demonstrated his understanding of the TCPA claims in his pleadings, states that he will represent the class members diligently, fairly and adequately, and purports to have taken "extensive measures to educate himself on the relevant legal principles and procedural requirements,"[11] he must concede that, as an unlicensed

---

entitled to have an unlicensed lay person represent it in federal court); *Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) ("There is no constitutional guarantee that non-attorneys may represent other people in litigation.").
[10] 432 F.2d at 1324.
[11] ECF No. 6 ¶¶ 11-13.

lay person, he has no experience in handling class action or other complex litigation. Likewise, he must also concede that, as reflected by his financial affidavit, he does not have the resources to commit to the case given his *in forma pauperis* status.[12]

Citing no caselaw, Plaintiff asserts in a conclusory fashion that courts consistently recognize that *pro se* litigants can serve as class representatives under certain circumstances. He fails to acknowledge, however, that, under Fifth Circuit and in-circuit precedent, in a case such as this, an unlicensed lay person proceeding *pro se* with *in forma pauperis* status is not a proper class representative because, among other things, he lacks the requisite legal expertise that would render him competent to undertake the responsibility of acting as both the representative plaintiff and class counsel in this matter.[13]

## II. CONCLUSION

Plaintiff's tenacity and zeal is insufficient to overcome the absence of a license to practice law, as necessary to represent the interests of any party other than himself. Accordingly, for the foregoing reasons,

IT IS RECOMMENDED that Plaintiff's TCPA claims on behalf of "all other similarly situated persons" be DISMISSED WITHOUT PREJUDICE, leaving only his individual claim for determination in this matter.

New Orleans, Louisiana, this \_\_\_1st\_\_\_ day of August, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[12] ECF No. 2.
[13] *See Doyle v. Y Z Commerce, LLC*, No. 21-17257 , 2021 WL 5882986, at *4 (D.N.J. Dec. 13, 2021) (dismissing *pro se* TCPA plaintiff's class action complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff's *pro se* status rendered him an inadequate representative of proposed class).